ADRIAN M. PRUETZ - State Bar No. 118215
apruetz@glaserweil.com
ERICA J. VAN LOON - State Bar No. 227712
evanloon@glaserweil.com
KOLLIN J. ZIMMERMANN - State Bar No. 273092
kzimmermann@glaserweil.com
GLASER WEIL FINK
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  (310) 282-6250
Facsimile:   (310) 785-3550

*Attorneys for Plaintiffs*
*British Broadcasting Corporation,*
*BBC Worldwide, Ltd., and*
*DWTS Productions, LLC fka*
*BBC Worldwide Productions, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRITISH BROADCASTING CORPORATION, a foreign corporation, BBC WORLDWIDE, LTD., a foreign limited company, and DWTS PRODUCTIONS, LLC *fka* BBC Worldwide Productions, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT STANDER & ASSOCIATES, INC., a California corporation, SCOTT STANDER, an individual, and THE STANDER GROUP, INC., a California corporation,<br><br>Defendants. | Case No.: CV 14-8047-FMO(Ex)<br><br>Hon. Charles F. Eick<br><br>**BRITISH BROADCASTING CORPORATION'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS, INTERROGATORY RESPONSES, AND REQUESTS FOR ADMISSION AGAINST THE STANDER GROUP, INC. AND REQUEST FOR SANCTIONS**<br><br>Hearing: June 26, 2015 at 9:30am<br><br>Discovery Cutoff: August 3, 2015<br><br>Pretrial Conf.: January 29, 2016<br><br>Trial: February 16, 2016 |

Pursuant to Local Rule 37-2.3, Plaintiff British Broadcasting Corporation ("BBC") hereby submits this Supplemental Memorandum in support of its motion to compel production of documents, interrogatory responses, and requests for admission against Defendant The Stander Group, Inc. ("TSG"), and request for sanctions.

## I.     INTRODUCTION

Unfortunately, TSG's delay tactics and general evasiveness have continued since the filing of this motion, thus requiring this Court's intervention to prevent BBC from being further prejudiced by TSG's improper discovery conduct. The following is a summary of each issue in dispute, and the progress, or lack thereof, made by TSG in complying with its discovery obligations.

### A.     BBC's First and Second Sets of Interrogatories

BBC moved to compel complete and accurate responses to its First Set of Interrogatories, Nos. 5-6, 10, and 12-14, and its Second Set of Interrogatories, Nos. 15-22. These interrogatories seek vital information relevant to this case, such as the dates, locations, and names of the professional dancers that performed in the BWAT shows, the gross profit from the BWAT shows, the advertising mediums and locations for the BWAT shows, the date and circumstances surrounding TSG's first contact with the DWTS dancers at issue and the contracts executed by same, and the facts and evidence allegedly supporting TSG's defenses and counterclaims.

In its portion of the joint stipulation in support of BBC's motion to compel, TSG made no argument to justify its objections, or its evasive responses, or its complete lack of responses to these interrogatories. Instead, TSG merely stated that by June 5, 2015, it would serve supplemental responses to Interrogatory Nos. 5-6, 10, and 12-14, and it would serve responses, without objections, to Interrogatory Nos. 15-22, since it had failed to respond within the 30-day limit and did not even request an extension. To date, however, BBC has not received any responses or supplemental responses whatsoever. Zimmermann Decl., ¶ 1. Accordingly, BBC's motion to compel as to all of these interrogatories should be granted.

**B.     BBC's First and Second Sets of Document Requests**

BBC moved to compel complete and accurate responses to its entire First and Second Sets of Document Requests. These document requests seek highly relevant information that is critical to this case, such as: TSG's contracts with the DWTS Dancers at issue; emails and other correspondence relating to such contracts; emails and other correspondence relating to TSG's solicitation of the DWTS Dancers at issue; emails and other correspondence relating to the creation and development of the BWAT Logo; representative samples of the marketing and advertising materials used to promote the BWAT show; financial records for each of the BWAT shows; emails and other correspondence between TSG and Louis Van Amstel (a co-creator of the BWAT show) regarding the creation of the BWAT show, the BWAT logo, and any contractual obligations to DWTS; documents relating to any consumer confusion regarding the source, sponsorship, or affiliation of the BWAT show; and documents supporting TSG's affirmative defenses, counterclaims, and any alleged damages. Notably, TSG did not serve any written responses or objections to either the First or Second Sets of Document Requests before the deadline to do so expired, so all such objections have been waived as a matter of law. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.").

TSG stated in its portion of the joint stipulation as to the First and Second Sets of Document Requests that it would make *all* such documents available for copying at its business office on June 9, 2015. On June 9, BBC copied all documents that TSG made available in response to these discovery requests. Having reviewed these documents, they are severely deficient and in no way satisfy TSG's discovery obligations. Zimmermann Decl., ¶ 2. TSG's document production consisted of:

1. Various BWAT dancer contracts.
2. Some copies or samples of marketing materials (e.g.,

brochures/posters/articles).

3. Three publicly available news articles relating to this lawsuit.

4. A few hundred emails, mostly relating to the scheduling of show dates and travel arrangements for the BWAT performers.

5. A spreadsheet listing what appears to be the date and location of the BWAT shows, with undetermined columns titled "Fee", "Perfs", and "Stars" for most, but not all, of the shows listed. *Id*.

The documents provided were in folders labeled (presumably by TSG) with the Document Request No. to which they were purportedly responsive. The Document Request Nos. listed were 1-2, 4-5, 11, 14-16, and 37-38. *Id*. So even setting aside the fact that TSG has not provided sufficient responses to these listed Document Requests, it is undisputed that TSG has not provided *any* documents in response to any of the other Document Requests (i.e., Nos., 3, 6-10, 12-13, 17-36, and 39-91). Of particular importance, TSG has not provided any of the following: emails and other correspondence relating to the creation and development of the BWAT Logo; financial records for each of the BWAT shows, including revenues, costs, and gross or net profits; emails and other correspondence between TSG and Louis Van Amstel (a co-creator of the BWAT show) regarding the creation of the BWAT show, the BWAT logo, and any contractual obligations to DWTS; documents relating to any consumer confusion regarding the source, sponsorship, or affiliation of the BWAT show; and documents supporting TSG's affirmative defenses, counterclaims, and any alleged damages. Accordingly, BBC's motion to compel as to its First and Second Sets of Document Requests should be granted.

C. **BBC's First and Second Sets of Requests for Admission**

BBC moved to compel proper responses to its First Set of Requests for Admission, Nos. 1 and 7, and its Second Set of Requests for Admission, No. 9. On June 5, TSG served supplemental responses admitting Requests for Admission Nos. 1 and 7. TSG also stated in its portion of the joint stipulation as to Request for

Admission No. 9 that it has "no objection to this admission being deemed admitted." So this issue is no longer in dispute.

### D. Depositions of Scott Stander and TSG

BBC moved to compel the deposition of Scott Stander and TSG, and requested the Court to issue a date certain for these depositions to occur. Since the filing of this motion, TSG has agreed to present Scott Stander as an individual and as a 30(b)(6) designee for TSG on June 25, 2015. Zimmermann Decl., ¶ 3, Ex, 1. Assuming all responsive documents are produced sufficiently in advance of the deposition, and the deposition goes forward without any further problems or discovery abuses by TSG, then this issue should be resolved by the time of the hearing on this motion on June 26, 2015. If this does not occur, however, then this Court should grant this motion to compel and set a date certain for these depositions to take place.

### E. Sanctions

BBC respectfully requests that it be awarded its attorneys' fees and costs incurred in making this motion. According to Fed. R. Civ. P. 37(a)(5), "If the motion [to compel] is granted—*or if the disclosure or requested discovery is provided after the motion was filed*—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (Emphasis added.)

BBC has attempted to work with TSG in the discovery process, granting numerous extensions, but TSG has taken advantage of the situation and has prejudiced BBC's ability to pursue its claims. Discovery cutoff is August 3, less than two months away, and most of the discovery requests at issue were served on February 17, 2015, yet TSG still has not provided vital documents or information in response to these requests. In addition, TSG did not produce a single document in this case until BBC was forced to prepare and file this motion to compel, and even then TSG's document production was wholly insufficient. Accordingly, pursuant to

1 Fed. R. Civ. P. 37(a)(5), this Court should award BBC its attorneys' fees and costs
2 incurred in making this motion.

3 **II.** **CONCLUSION**

4     For the reasons discussed above and addressed in more detail in the Joint
5 Stipulation in Support of BBC's Motion to Compel, BBC respectfully requests that
6 this Court grant this Motion to Compel and, pursuant to Fed. R. Civ. P. 37(a)(5),
7 award BBC its attorney fees and costs for having to bring this motion.

9 DATED: June 12, 2015      GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP

By: /s/ Kollin J. Zimmermann
Adrian M. Pruetz
Erica J. Van Loon
Kollin J. Zimmermann
GLASER WEIL FINK HOWARD
   AVCHEN & SHAPIRO LLP
*Attorneys for Plaintiffs*
*British Broadcasting Corporation,*
*BBC Worldwide, Ltd., and*
*DWTS Productions, LLC fka*
*BBC Worldwide Productions, LLC*